UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| Brad Bonner, et al., | Case No. 3:17-cv-00415 |
| Plaintiffs | |
| v. | MEMORANDUM OPINION |
| Reliable Transportation Specialists, Inc., et al., | |
| Defendants | |

## I. INTRODUCTION

Defendants Reliable Transportation Specialist, Inc. ("Reliable"), Wollet Investments, LLC ("Wollet Investments"), and Shaun Wollet have filed a Rule 12(b)(6) motion for partial dismissal of the complaint filed by Plaintiffs Brad and Terri Bonner ("Bonner") for failure to state a claim upon which relief may be granted. (Doc. No. 44). Bonner filed a brief in opposition. (Doc. No. 46). Defendants filed a brief in reply. (Doc. No. 49). For the reasons stated below, Defendants' motion is granted.

## II. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual

inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. BACKGROUND

On June 9, 2015, Brad Bonner was driving a private passenger vehicle southbound on I-75 in an active construction zone. (Doc. No. 43 at 8). Wollet, employed by Wollet Investments, LLC and Reliable Transportation Specialist, Inc., was operating a tractor-trailer behind Bonner. (Doc. No. 43 at 9). Wollet allegedly failed to maintain an assured clear distance and reasonable speed. (Id. at 9-10). The tractor-trailer operated by Wollet struck the rear of Bonner's vehicle, causing Bonner to strike another vehicle and tractor-trailer. (Id. at 9). Bonner alleges that this collision resulted in serious and long-lasting injuries and damages. (Id. at 12).

### IV. ANALYSIS

Bonner asserts various claims for negligence; federal and state statutory violations; punitive damages; vicarious liability; strict liability; and, spoliation of evidence. Defendants argue I should dismiss Bonner's third, sixth, seventh, and eighth causes of action because they fail to state a plausible claim for relief.

**A. PUNITIVE DAMAGES**

Defendants argue Bonner fails to state a claim for punitive damages because he fails to allege facts to show a defendant's actions demonstrated malice, or a defendant knowingly authorized, participated in, or ratified actions of an agent demonstrating malice. Punitive damages may be awarded only when there is actual malice. *Cabe v. Lunich*, 70 Ohio St. 3d 598, 601 (1994). Actual malice is present when the defendant displayed either (1) a state of mind characterized by hatred, ill

will, or a spirit of revenge, or (2) a "conscious disregard for the rights and safety" of others and a great likelihood of causing significant harm. *Preston v. Murty*, 32 Ohio St. 3d 334, 335 (1987). More than mere negligence is required to establish actual malice. *Id.* at 335. *See Parker v. Miller*, No. 2:16-cv-1143, 2017 WL 3642372, at *2 (S.D. Ohio Aug. 24, 2017) (allegations defendant failed to stop before hitting a vehicle, despite having sufficient time and adequate visibility to do so, is sufficient to state a claim for actual malice); *see Lyons v. Estes Express Lines, Inc.*, No. 1:15-cv-00254, 2015 WL 3796384 (N.D. Ohio June 18, 2015) (allegations of distracted driving alone do not support actual malice but failing to avoid an accident after numerous warnings may amount to actual malice).

Bonner argues his first amended complaint "furnishes much detail . . . as is possible at this stage in the proceedings." (Doc. No. 46 at 4). Bonner's arguments for punitive damages can be summarized as follows: (1) Wollet failed to maintain an assured clear distance and operate his tractor-trailer in a safe manner; (2) Wollet was poorly trained, inexperienced, unqualified, and posed an unacceptable danger to other motorists; (3) Wollet had been out of work for over a year prior to the incident; (4) the instructions, training, and supervision Wollet received by Reliable was haphazard and substandard; (5) drivers, including Wollet, made and received cellphone calls and text messages while en route, including those from Reliable; (6) Wollet acted with a "conscious disregard" for the rights and safety of others; and (7) Wollet acted with a "conscious, reckless, and flagrant disregard" for others. (Doc. No. 43).

These assertions, however, do not rise to the level of well-pleaded allegations. Instead, the first amended complaint makes conclusory allegations without necessary elaboration. *See Twombly*, 550 U.S. at 555. The allegations that Wollet received haphazard and substandard training, and that Reliable and its drivers at times communicated by phone calls and text messages while the drivers were on the road, are not sufficient to show malice because Bonner does not allege how training or cellphone usage impacted the outcome of the incident in question. Bonner has alleged only that

Wollet failed to stop in time, and has not alleged that Wollet was using his cell phone when the accident occurred or that the training he may or may not have received contributed to his failure to stop.

Nor has Bonner offered any allegations concerning Wollet's mindset at the time of the accident. *See, e.g., Terek v. Finkbiner*, No. 3:14-cv-1391, 2015 WL 5542535, at *4 (N.D. Ohio, Sept. 18, 2015) ("In order for Plaintiff to prove malice, evidence must go to [the defendant's] state of mind prior to the accident.") Allegations that Wollet may have driven recklessly at other times are not sufficient to support the necessary inference that he did so this time.

Similarly, Bonner's claim that Wollet's one-year gap in employment means he was unqualified fails to provide sufficient support. *See Pfund v. Ciesielczyk*, 84 Ohio App. 3d 159 (the occurrence of an accident does not automatically establish the incompetence of the driver).

Bonner's remaining allegations are legal conclusions rather than factual allegations. He restates the elements required for punitive damages, alleging Wollet acted with "conscious disregard" for the rights and safety of others without offering factual allegations in support. Legal conclusion "masquerading" as factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Defendants' motion to dismiss Bonner's punitive damage claims is granted.

**B. NEGLIGENCE**

Defendants argue Bonner fails to state a claim for negligence against Reliable because he fails to allege facts to show Wollet was incompetent, or that Reliable knew of the alleged incompetence. To establish a claim for negligent hiring, the plaintiff must show (1) an employment relationship; (2) the employee was incompetent; (3) the employer actually or constructively knew of the incompetence; (4) the employee's act caused injury to the plaintiff; and (5) the employer's negligent hiring or supervision of the employee was the proximate cause of the plaintiff's injuries. *Ford v. Brooks*, 2012-Ohio-943 (Ohio Ct. App. 10th Dist.).

4

That Wollet was employed by Reliable at the time of the incident is undisputed. Reliable only argues that there are not well-pleaded factual allegations to support the implication that Wollet was incompetent and Reliable knew of Wollet's alleged incompetence. Bonner argues Reliable provided "haphazard and substandard training" and allowed drivers to use their cellphones while en route. The only allegations contained in the complaint regarding Wollet's competence are this particular incident and a gap of employment, neither of which lead to a conclusion that is "plausible on its face" that Wollet was incompetent.

As I stated above, there is no allegation that the use of cellphones played any role in this incident. Further, a blanket statement regarding the inadequacy of training is not enough to allege a connection between training and this accident. Finally, the allegation that Wollet was out of work for a period of time before Reliable hired him does not support the conclusion that he therefore was not competent or that Reliable knew or should have known he was not competent.

Bonner does not allege Wollet in fact had not received any required training, relying instead on the unsupported implication that Wollet's lack of training during a discrete time period equates to incompetence. *Cf. Gordon v. Turner*, 2016 WL 3636073, at *10 (E.D. Ky., June 29, 2016) ("While [it] is not conclusive evidence of due care, courts have generally been unwilling to find that there were genuine issues of material fact as to negligent hiring and retention, so long as the employer complied with the hiring practices prescribed by the Federal Motor Carrier Safety Administration."). Bonner's allegations fall short because those allegations offer only a conceivable claim of negligence, rather than a plausible one. *Twombly*, 550 U.S. at 570.

Bonner has failed to demonstrate required elements for a claim of negligent hiring. Defendants' motion to dismiss Bonner's negligent hiring claim is granted.

**C. NEGLIGENCE PER SE**

Reliable argues Bonner fails to state a claim for negligence *per se* based on statutory and regulatory violations in his seventh claim because he fails to plead factual allegations that support his legal conclusions. Bonner fails to provide any more than legal conclusions, which are not supported by any factual allegations. Bonner specifically claims:

> Reliable violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and O.A.C. 4901:2-5-02 through 4901:2-5-14. These enactments were promulgated to protect the safety of a class of people that includes Plaintiffs . . . Defendant Reliable is negligent *per se* based on these statutory and regulatory violations. Defendant Reliable's statutory and regulatory violations directly and proximately caused Plaintiffs' injuries, damages, harms and losses.

(Doc. No. 43 at 46-8). Bonner alleges that these violations constitute negligence *per se*.

Negligence *per se* is established when a legislative enactment enforces a "specific duty" for the welfare of others. *Earley v. United Airlines*, No. 2:05-cv-0835, 2006 WL 2794971, at *3 (S.D. Ohio Sept. 28, 2006). But not every violation of a law or ordinance constitutes negligence *per se*. *Kooyman v. Staffco Constr., Inc.*, 189 Ohio App. 3d 48, 55 (2010). When a rule of conduct is set forth in general or abstract terms, the liability standard is one of due care and negligence *per se* is not applicable. *Id.* at 56.

Bonner failed to elaborate on any of the legislative enactments he cites in the First Amended Complaint, and does not offer any factual allegations connecting Reliable's alleged violation of any or all of these statutes and regulations to the accident. Bonner's assertion that Reliable violated <u>all</u> of these statutes and regulations – which, as Defendants note, total over 1,000 separate provisions – as well as others, is simply implausible. (*See* Doc. No. 43 at 11 ("Defendant Reliable violated state and federal statutes and regulations including but not limited to 49 C.F.R. §§ 350-399 and O.A.C. 4901:2-5-02 through 4901:2-5-14.")). Bonner has failed to identify the specific duty required for

negligence *per se* and has not demonstrated any connection between any of the alleged violations and the accident itself. Reliable's motion to dismiss Bonner's negligent hiring claim is granted.

## V. CONCLUSION

For the reasons stated above, Reliable's motion to dismiss a portion of Bonner's complaint pursuant to Rule 12(b)(6), (Doc. No. 44), is granted. Bonner's third, sixth, seventh, and eighth causes of action are dismissed.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge